# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXAANDRA MISHELLE MEJIA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. ED CV 17-02111 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

Plaintiff seeks review of the Commissioner's final decision denying her applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

On January 27, 2014, Plaintiff applied for disability insurance benefits, and on May 7, 2015, she filed an application for supplemental security income. Plaintiff's claims were denied initially and on reconsideration. A hearing was then held before an Administrative Law Judge ("ALJ") with Plaintiff, her attorney, and a vocational expert ("VE") present. (Administrative Record ("AR") 36-52.) On

December 20, 2016, the ALJ entered a decision determining Plaintiff's residual functional capacity ("RFC") of a limited range of light work. (AR 19-31.) The VE testified that a person with the RFC could not perform any of Plaintiff's past relevant work, but there were other jobs in the national economy that she can perform. (AR 60-61.) The ALJ adopted this vocational finding and concluded that Plaintiff was not disabled. (AR 29-31.) The Appeals Council denied review, and Plaintiff filed the Complaint in the present case on December 31, 2016.

**DISPUTED ISSUE**

Whether the ALJ properly assessed Plaintiff's subjective symptom testimony.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

**DISCUSSION**

Where, as in this case, the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d

1403, 1407 (9th Cir. 1986); *see also Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46). "The clear and convincing standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014).

At the hearing, Plaintiff testified about the nature and extent of her symptoms. (AR 42-58.) The ALJ summarized this oral testimony: "The claimant alleged symptoms of daily fatigue, inability to verbally communicate at times, self-isolation, sore throat and sharp pains in throat, a high-pitched voice, and vaginal bleeding. . . . The claimant further claimed she was limited in her ability to communicate, stand and socialize." (AR 25.) From claimant's and third party function reports, the ALJ further summarized claimant's written statements: "claimant additionally alleged limitations relating to lifting, bending, reaching, walking more than 30 minutes, sitting, stair climbing, bathing, and caring for her hair." (AR 26.)

The ALJ's credibility determination and related discussion is located at AR 25-27. The ALJ found that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." (AR 26.) As discussed below, the Court reads the ALJ's decision as setting forth two reasons in support of the credibility finding.

*Plaintiff's Daily Activities*

The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the

pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison*, 759 F.3d at 1016. As the Ninth Circuit has further stated, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Here, the ALJ's decision made two comparisons between Plaintiff's claimed limitations and her daily activities. The first comparison is at AR 25: "The claimant further claimed she was limited in her ability to communicate, stand and socialize. However, she reported engaging [in the] following activities: driving; caring for two small dogs; showers; makes simple meals such as salads and sandwiches; washing her own laundry; cleaning the kitchen and bathroom; watching television; and texting with friends." At the outset, the ALJ's brief summary of Plaintiff's participation in these activities is incomplete. For instance, as to caring for her dogs, Plaintiff testified that she merely let the dogs go out in the backyard, and she bathes the two small dogs with her father's help. (AR 52.) With regard to showering, Plaintiff sits (and does not stand) in the shower because it is hard for her to stand with her arms over her head. (AR 46.) And as to cleaning the kitchen and bathroom, Plaintiff testified that she merely wipes down the surfaces, but does not vacuum or mop because of back pain. (AR 56.) Moreover, the ALJ did not explain how or why these daily activities are inconsistent with Plaintiff's symptom claims that immediately precede them in the decision. The listed activities do not involve extended periods of standing, and none deals with Plaintiff socializing. Concerning "communication," Plaintiff consistently claimed that she had problems speaking because of spasmodic dysphonia[1], which the ALJ found to be a severe impairment. (AR 21, 43-45.) The fact that Plaintiff sent texts to other

---

[1] Spasmodic dysphonia is neurological disorder affecting the voice muscles in the larynx.

4

people does not contradict or undercut her claimed speaking and oral communication impairments.

The ALJ's other comparison is found at AR 26: "the claimant additionally alleged limitations related to lifting, bending, reaching, walking more than 30 minutes, sitting, stair climbing, bathing, and caring for her hair. However, she was able to go out alone at times, was able to count change and handle a savings account." (AR 26.)[2] As with the prior comparison, the ALJ did not explain how these daily activities are inconsistent with the previously listed limitations, and no inconsistency appears from the ALJ's discussion in the decision. Based on an ordinary understanding of going out alone, counting change and handling a saving account, these activities are not inconsistent with Plaintiff's claimed limitations on lifting, bathing, reaching walking, sitting, stair climbing, bathing or hair care.

Thus, the ALJ did what the Ninth Circuit has cautioned against, namely, referring to Plaintiff's daily activities and finding they were somehow inconsistent with the claimed limitations and symptoms – without showing that an inconsistency exists. Citing plaintiff's ability to perform basic activities but not discussing how these activities are inconsistent with plaintiff's complaints is legally insufficient. *See Garrison,* 759 F.3d at 106; *Vertigan,* 260 F.3d at 1050; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *Brown-Hunter*, 806 F.3d at 493-94 (generalized adverse credibility findings are insufficient). The decision also does not explain how Plaintiff's daily activities would permit her to obtain and maintain a job. Thus, the ALJ's adverse credibility finding based on the comparisons with Plaintiff's daily activities – as set out in the decision − is legally

---

[2] The decision is also incomplete or unclear in its reference to "go out alone." The record shows that Plaintiff could drive, but did not go out very often. (AR 52.) Plaintiff went out in her yard with her dogs and went shopping about once a month – for about 1/2 hour. (AR 219.)

5

insufficient and not supported by substantial evidence.

*Objective Medical Evidence*

As a second reason, the ALJ found that Plaintiff's allegations regarding the severity of her symptoms and limitations were greater than what the objective medical evidence shows. (AR 30.) However, because the ALJ's first reason is insufficient, this remaining reason cannot be legally sufficient by itself to support the adverse credibility determination. *See Robbins v. Social Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (where ALJ's initial reason for adverse credibility determination was legally insufficient, his sole remaining reason premised on lack of medical support for claimant's testimony was legally insufficient); *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain."). Lack of objective medical evidence may be a factor an ALJ can consider in his credibility analysis, but it cannot form the sole basis for a credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

*Other Reason Suggested by Commissioner*

Attempting to sustain the credibility finding, the Commissioner cites to a statement in the ALJ's decision that Plaintiff's "treatment for her impairments included botox injections to stabilize vocal spasms, Motrin for pain, and lying down." (AR 25.) While the Commissioner refers to this as "conservative treatment," the ALJ's decision did not present such a conclusion, made no finding as to whether Plaintiff's treatment was commensurate with her subjective symptoms, and did not assert "conservative treatment" as a basis for the credibility determination. As a result, this additional reason cannot be used by the Court to

support the otherwise inadequate credibility finding. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts."); *Brown-Hunter*, 806 F.3d at 494 (finding error in district court's reliance on inconsistencies in claimant's testimony that were not identified by the ALJ's decision).

In sum, the Court concludes that the ALJ failed to provide an adequate basis for discounting Plaintiff's subjective complaints. Further, this error was not harmless: If fully accepted, Plaintiff's subjective complaints would not be inconsequential to the disability determination and might well result in a different disability conclusion by the ALJ. *See Brown-Hunter*, 806 F.3d at 494-496.

**REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id*. (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed, and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly

demonstrate the claimant is disabled within the meaning of the Social Security Act).

Based on its review and consideration of the entire record, the Court has concluded on balance that a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) is warranted here. It is not the Court's intent to limit the scope of the remand.

Accordingly, IT IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: 6/21/2018

*[signature]*

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE